UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-cr-00025-HDM-VPC |
| Plaintiff, | |
| v. | ORDER |
| LAWRENCE KOMINEK, | |
| Defendant. | |

Defendant Lawrence Kominek has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 104 & 108). The government has opposed (ECF No. 110), and Kominek has replied (ECF No. 111).

In March 2014, Kominek was charged with two counts of distribution of a controlled substance. (ECF No. 9). Following a three-day trial, a jury found Kominek guilty of both counts. (ECF No. 49).

In February 2015, before he was to be sentenced, Kominek met with authorities to advise of a threat by another inmate to blow up the car of the AUSA who was prosecuting them both. Kominek stated that he was sharing this information because he wanted to make sure he would not be blamed if anything happened to the AUSA, and because he was hoping to receive favorable treatment at sentencing, such as a downward departure. Upon further questioning, Kominek admitted that in fact discussions about blowing up the AUSA's car and other targets had been ongoing between him and the inmate for more than eight months. But, Kominek stated, he had no intention of blowing up the AUSA's car and the discussions were just idle talk, at least on his part.

1

At sentencing, the court concluded that Kominek's conduct, which encompassed detailed discussions about how to blow up the AUSA's car over a period of eight months with the intent of sending a message to the AUSA to influence prosecution, justified application of the obstruction of justice enhancement. The court accordingly sentenced Kominek to 151 months on each count, concurrent, followed by a five-year term of supervised release. On appeal, the Ninth Circuit affirmed the court's application of the obstruction of justice enhancement.

Having served just more than half of his 151-month sentence,[1] Kominek now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

---

[1] Kominek's current projected release date is December 14, 2024. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 7, 2020).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served

2

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Kominek seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his underlying health conditions, including degenerative heart disease and heart attack, which put him at a greater risk of severe COVID-19 outcomes should he contract the virus. The government opposes, arguing that although Kominek's health conditions put him at a greater risk of complications if he contracts COVID-19, his motion should nevertheless be denied as he

---

at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Kominek is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

is a danger to the community and because COVID-19 has not spread widely in his institution.

### A. Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Kominek's request for compassionate release was received by the warden on August 3, 2020. (ECF No. 104 at 11-17). More than thirty days have elapsed from the date the warden received Kominek's request, so the motion is exhausted.

### B. Extraordinary and Compelling Reasons

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Kominek is 57 years old and has heart disease and a history of heart attack. He is presently incarcerated at FCI Sheridan. Kominek argues that his medical conditions increase his risk of severe COVID-19 complications and that it is difficult in his

4

institution to practice the social distancing necessary to reduce the risk of contracting COVID-19. The government does not dispute that Kominek's underlying health conditions put him at greater risk of COVID-19 complications in the event he contracts the virus but it points out that COVID-19 has not spread widely at Kominek's institution.

Notwithstanding Kominek's underlying health conditions, the court is not persuaded that extraordinary and compelling reasons exist here where his institution has not, and is not, enduring a significant spread of COVID-19. There are currently no active cases of COVID-19 at FCI Sheridan. In total, there have been eight positive test results out of more than 500 conducted; there are 9 test results pending. *See* https://www.bop.gov/coronavirus/ (last accessed Oct. 13, 2020). These low numbers suggest that the measures taken by BOP to combat coronavirus spread are working at Sheridan. Under these circumstances, the court does not find extraordinary and compelling reasons for early release.

**C. 18 U.S.C. § 3553(a) Factors**

In addition, the court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release. Here, the court is not persuaded that Kominek is not a danger to the community or that the § 3553(a) factors support his early release.

The government argues that Kominek is a danger to the community because he trafficked in methamphetamine, a scourge to the community, and participated in a threat to blow up the AUSA's car. Kominek responds that there is no indication he intended to carry out the threat against the AUSA, he has a limited criminal history, and there is no indication he possessed a weapon in connection with the underlying offense.

Given Kominek's extensive participation in discussions to blow up the AUSA's care – a distinctly violent threat – and his decision to come forward in order to deflect blame if anything were to happen and to obtain a sentencing advantage, the court is not convinced that Kominek is not a danger to the community. Further, the nature and circumstances of his offense were serious and Kominek has served only about half of his sentence, which the court believes is not sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities. The § 3553(a) factors support Kominek serving the sentence that was originally imposed.

**III. Conclusion**

In accordance with the foregoing, Kominek's motion for compassionate release (ECF No. 104 & 108) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 16th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

6